# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Carl Adam Mulvihill,	Civ. No. 20-1741 (SRN/BRT)

    Petitioner,

v.	**REPORT AND RECOMMENDATION**

Guy Bosch, Warden,

    Respondent.

---

Petitioner Carl Adam Mulvihill pleaded guilty in 2010 to three counts of first-degree criminal sexual conduct. *See Mulvihill v. State*, No. A19-0182, 2019 WL 5543934, at *1 (Minn. Ct. App. Oct. 28, 2019). Now, ten years later, Mulvihill has filed a petition for a writ of habeas corpus challenging those convictions. The petition is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Because the petition is plainly untimely, it is recommended that this matter be summarily dismissed.

Section 2244(d) of Title 28 provides the following:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in

1

> violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Mulvihill does not allege that the State of Minnesota has ever impeded his ability to seek federal habeas corpus relief; he does not seek relief pursuant to a constitutional right newly recognized by the Supreme Court of the United States; and the factual predicate of Mulvihill's claim, that the Minnesota courts lacked jurisdiction over the offenses alleged against him, would or should have been known to him at the time of his criminal proceedings. Accordingly, the timeliness of Mulvihill's petition is governed by § 2244(d)(1)(A), and the limitations window for Mulvihill to seek federal habeas relief expired one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

The docket maintained by the Minnesota courts reflects that Mulvihill was sentenced on September 2, 2010, and that judgment was entered that day. *See State v.*

2

*Mulvihill*, No. 19HA-CR-10-1236 (Minn. Dist. Ct.). Mulvihill then had 90 days in which to file a notice of appeal. *See* Minn. R. Crim. P. 28.05, subd. 1(1). Because Mulvihill did not seek direct review of his conviction, the judgment became final when that appeals deadline expired on December 1, 2010. The federal habeas limitations period then began running on that date and expired exactly one year later, on December 1, 2011. Mulvihill did not file his habeas petition until August 2020. This was obviously far too late.[1]

Mulvihill's arguments that § 2244(d) does not apply to his habeas petition are unavailing. Mulvihill is correct that the general federal habeas corpus statute, 28 U.S.C. § 2241, does not supply a limitations period. But as explained above, § 2244(d) does supply a limitations period for the subset of habeas petitions submitted by persons "in custody pursuant to the judgment of a State court." Mulvihill's petition fits within this category; he is in custody pursuant to a criminal judgment of a Minnesota state court. Mulvihill is also correct that in *United States v. Smith*, the Supreme Court stated that "habeas corpus provides a remedy for jurisdictional and constitutional errors at the trial without limit of time." 331 U.S. 469, 475 (1947). But *Smith* does not stand for the proposition that a limitations period *cannot* be imposed upon habeas petitions, only that a limitations period *had not* been imposed at that time. *See Henry v. Smith*, No. 16-CV-

---

[1] Under 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Mulvihill filed a petition for postconviction relief in state court in June 2018, and the postconviction proceedings remained pending until January 2020. But by the time that Mulvihill had filed his postconviction petition, Mulvihill's conviction had already been final for over seven years for purposes of § 2244(d)(1)(A). The § 2244(d)(2) tolling provision therefore does not help Mulvihill.

3

5010, 2017 WL 2963000, at *3 & n.3 (E.D. Penn. Feb. 28, 2017), Report and Recommendation adopted in 2017 WL 2957819 (E.D. Penn. July 10, 2017). The limitations period found at § 2244(d) has since taken effect, and the legality of § 2244(d) has long been established. *See id*. (collecting cases). Mulvihill also argues that the Minnesota Supreme Court has held that time limits do not apply to claims raised in postconviction proceedings that a state court lacked jurisdiction to enter criminal judgment. (*See* Doc. No. 1, Petition.) The Minnesota Court of Appeals found that this was not an accurate statement of state law when Mulvihill raised the issue before that court, *see Mulvihill*, 2019 WL 5543934, at *2-3 (citing *Stewart v. State*, 764 N.W.2d 32, 33-34 (Minn. 2009)), but even if it were an accurate statement of Minnesota law, this putative rule of state law would not affect the federal law governing the limitations period for seeking habeas relief in federal court. Regardless of the state law governing state petitions for postconviction relief, § 2244(d) establishes a one-year limitations period for federal habeas petitions filed by prisoners held pursuant to a state-court judgment. Mulvihill, a prisoner held pursuant to a state-court judgment, did not file his habeas petition within that one-year limitations period. Accordingly, his petition is untimely and should be dismissed.

    Four other matters require brief comment. First, Mulvihill has filed a motion to "vacate sentence, convictions, and dismiss all charges." (*See* Doc. No. 3.) This motion is duplicative of the habeas petition itself and is untimely for the same reasons that the habeas petition is untimely. The motion should similarly be denied. Second, Mulvihill has applied for *in forma pauperis* ("IFP") status in this matter. (*See* Doc. No. 2.) Because

4

it is recommended that the petition be summarily dismissed, it is further recommended that Mulvihill's IFP application be denied. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam). Third, Mulvihill objects to the representation of the respondent by the Dakota County Attorney's Office on the grounds that "[t]he matter at hand is out of their jurisdiction." (Petition 1.) The objection is mostly beside the point; this Court's recommendation of dismissal comes *sua sponte* under Rule 4, not pursuant to an argument of the respondent. But in any event, Mulvihill offers no basis for finding that the county attorney's office responsible for prosecuting a criminal matter should be deemed incapable of representing the respondent to subsequent federal habeas proceedings. Fourth, this Court finds that the untimeliness of Mulvihill's habeas petition is not reasonably debatable and therefore recommends that a certificate of appealability not be issued in this matter. *See* 28 U.S.C. § 2253(c).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. This matter be **DISMISSED** as untimely pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

2. The motion to vacate sentence of petitioner Carl Adam Mulvihill (Doc. No. 3) be **DENIED**.

3. Mulvihill's application to proceed *in forma pauperis* (Doc. No. 2) be **DENIED**.

4. No certificate of appealability be issued.

Dated: October 26, 2020                     *s/ Becky R. Thorson*
                                            BECKY R. THORSON
                                            United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).