UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Carl Adam Mulvihill,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Guy Bosch, *Warden*,<br><br>　　　　　Respondent. | Case No. 20-cv-01741 (SRN/BRT)<br><br><br><br>**ORDER** |

Carl Adam Mulvihill, OID# 233192, MCF Stillwater, 970 Pickett Street North, Bayport, MN 55003, Pro Se.

Anna Light, Dakota County Attorney's Office, 1560 Highway 55, Hastings, MN 55033; Edwin William Stockmeyer III and Matthew Frank, Office of the Minnesota Attorney General, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

　　　This matter is before the Court on Petitioner Carl Adam Mulvihill's Objection [Doc. No. 10] to United States Magistrate Judge Becky R. Thorson's October 26, 2020 Report and Recommendation [Doc. No. 9] ("R&R"). The magistrate judge recommended that Mulvihill's Petition for a Writ of Habeas Corpus [Doc. No. 1] ("Petition") be denied as untimely, the action be dismissed with prejudice, and a Certificate of Appealability be denied. In addition, the magistrate judge recommended that the Court deny Mulvihill's application to proceed *in forma pauperis* [Doc. No. 2] and his Motion to Vacate Sentence, Convictions, and Dismiss All Charges [Doc. No. 3]. For the reasons set forth below, Mulvihill's objections are overruled, the Court adopts the R&R in its entirety, denies a

1

Certificate of Appealability, denies Mulvihill's application to proceed *in forma pauperis*, denies the Motion to Vacate Sentence, and dismisses the matter with prejudice.

## I. BACKGROUND

The factual and procedural background of this matter is well documented in the R&R and is incorporated herein by reference. The Court will recite background facts only to the extent necessary to rule on Mulvihill's Objection.

In 2010, Mulvihill pleaded guilty to three counts of first-degree criminal sexual assault. *See Mulvihill v. State*, No. A19-0182, 2019 WL 5543934, at *1 (Minn. Ct. App. Oct. 28, 2019). On August 10, 2020, Mulvihill filed his Petition, arguing that the State of Minnesota did not have jurisdiction to investigate, charge, arrest, or convict him. (Petition 6.)

The magistrate judge concluded that the Petition is time-barred under 28 U.S.C. § 2244(d). Mulvihill objected, arguing that the statute of limitations in § 2244(d) does not apply to the Petition because he asserts a jurisdictional challenge to his conviction. Mulvihill also argues that the State of Minnesota impeded his ability to timely file the Petition by withholding documents from him until June 2018. In addition, Mulvihill requested that the Court allow him "to present my arguments to the appeals court," which the Court will consider as an objection to the magistrate judge's recommendation that no Certificate of Appealability be issued. Mulvihill did not object to the magistrate judge's recommendations with respect to his application to proceed *in forma pauperis* or his Motion to Vacate Sentence.

## II.     DISCUSSION

The district court reviews de novo those portions of the R&R to which a specific objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord* D. Minn. L.R. 72.2(b). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). And "[a] party cannot, in his objections to an R & R, raise arguments that were not clearly presented to the magistrate judge." *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947–48 (D. Minn. 2006) (citing *Madol v. Dan Nelson Auto. Group*, 372 F.3d 997, 1000 (8th Cir. 2004); *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000)).

Section 2244(d) provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Because Mulvihill is "a person in custody pursuant to the judgment of a State court," § 2244(d)'s statute of limitations applies to his Petition. And as the magistrate judge correctly explained, the statute of limitations applies even though Mulvihill asserts a jurisdictional challenge to his conviction. (*See* R&R 3-4.)

Mulvihill argues that his Petition is timely because the State of Minnesota impeded his ability to challenge his conviction by withholding necessary papers until June 2018. Mulvihill assert that he "had to fight with the State of Minnesota and the County of commit (sic) for years just to get a fraction of the case files needed to file any kind of appeal."

3

(Objection 1.) Under § 2244(d)(1)(B), the one-year limitation period may run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B).

However, Mulvihill did not present this argument to the magistrate judge. His Petition asserts that it is timely because § 2244(d) does not apply to jurisdictional challenges, but the Petition does not invoke § 2244(d)(1)(B). (Petition 8.) Nor did Mulvihill invoke § 2244(d)(1)(B) in his supporting memorandum. (*See* Mem. in Supp. of Pet. [Doc. No. 4].) Consequently, the magistrate judge concluded that "Mulvihill does not allege that the State of Minnesota has ever impeded his ability to seek federal habeas corpus relief." (R&R 2.) Mulvihill is not permitted to raise this argument for the first time in his Objection. *Hammann*, 455 F. Supp. 2d at 947–48. In any event, Mulvihill does not explain what papers the State of Minnesota withheld from him, why withholding those papers prevented him from timely filing the Petition, or why the State's actions violated the Constitution or laws of the United States. Therefore, § 2244(d)(1)(B) does not apply, and the Petition is untimely for the reasons stated in the R&R.

Mulvihill did not object to the magistrate judge's recommendations with respect to his application to proceed *in forma pauperis* or his Motion to Vacate Sentence. Accordingly, the Court adopts the magistrate judge's recommendations with respect to those matters. *See* 28 U.S.C. § 636(b)(1).

Finally, Mulvihill requests that the Court allow him "to present my arguments to the appeals court," which the Court will consider as an objection to the magistrate judge's

recommendation that no Certificate of Appealability be issued. By statute, the Court may issue a Certificate of Appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy the "substantial showing" standard, Mulvihill must show that "jurists of reason would find it debatable" whether the Petition is time-barred. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court finds that the basis for dismissing the Petition is not reasonably debatable. Accordingly, no Certificate of Appealability shall issue.

### III.  CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objection to the Report and Recommendation [Doc. No. 10] is **OVERRULED**;

2. The Report and Recommendation [Doc. No. 9] is **ADOPTED**;

3. Petitioner's Petition for a Writ of Habeas Corpus [Doc. No. 1] is **DISMISSED**;

4. Petitioner's Application to Proceed *in Forma Pauperis* [Doc. No. 2] is **DENIED**;

5. Petitioner's Motion to Vacate Sentence, Convictions, and Dismiss All Charges [Doc. No. 3] is **DENIED**; and

6. No Certificate of Appealability shall issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 8, 2020                             s/Susan Richard Nelson
                                                                                       SUSAN RICHARD NELSON
                                                                                       United States District Judge